## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

GLORIA KERR,                                      :

    Plaintiff                                  :

                                        CIVIL ACTION FILE

vs.                                               :

                                       NO.:___3:15-cv-28-TCB___

CHELSEA KERR RICHMOND,                            :
and AARON RICHMOND

    Defendant                                  :

## PLAINTIFF'S AMENDED VERIFIED COMPLAINT

COMES NOW Plaintiff, Gloria Kerr, pursuant to Fed. R. Civ. P. 15(a)(1), and without waiving and specifically reserving her Motion to Remand, for her Amended Verified Complaint states as follows:

### Parties

1.

Chelsea Richmond is a resident of the state of Texas and has been served with process at 123 Daisy Lane, in Justin, Texas.

2.

Aaron Richmond is a resident of the state of Texas and may be served

with process at 123 Daisy Lane, in Justin, Texas.

## Jurisdiction and Venue

3.

This case was originally filed in Spalding County Superior Court (Georgia), pursuant to the forum selection clause of the parties' Settlement Agreement.  Defendant removed this case to this Court.  Plaintiff subsequently filed a Motion to Remand.  Plaintiff files this Amended Verified Complaint without waiving and specifically reserving her Motion to Remand, however, should the Court not remand the case to state court, then jurisdiction and venue are proper in this Court pursuant to the forum selection clause of the parties' Settlement Agreement and diversity jurisdiction with an amount in controversy exceeding $75,000.00.

## Statement of Facts

4.

Gloria Kerr (Plaintiff herein) and Timothy Kerr (the father of Defendant) were divorced in 1996 in the state of Florida.  (See *Defendant's Brief in Support of Motion to Vacate…*, Docket 4-1, pp. 5-6; see also

*Defendant's Brief in Support of Motion to Dismiss*, Docket 5-1, pp. 2-3).

5.

Because Gloria Kerr waived her right to Timothy Kerr's military survivor benefits, the Divorce Decree required Timothy Kerr maintain a $200,000 life insurance policy naming Gloria Kerr as the irrevocable beneficiary.  (See *Final Judgment of Dissolution of Marriage*, incorporating *Stipulation and Marital Settlement Agreemen*t, (specifically, pg. 8, para. 5), attached hereto and marked "Plaintiff's Exhibit P.1 [and] P.2").

6.

On September 18, 2014, Timothy Kerr passed leaving a life insurance policy in the amount of $478,000, naming Chelsea Richmond (Defendant herein) as the sole beneficiary.  (See *Defendant's Brief in Support of Motion to Dismiss*, Docket 5-1, pg. 3).

7.

Following the death of Timothy Kerr, Gloria Kerr filed a rival beneficiary claim with MetLife Insurance Company asserting her right to $200,000.00 of the life insurance proceeds.  She also filed a lawsuit in Spalding County Superior Court against MetLife Insurance Company, Progressive Mountain Insurance Company (Timothy Kerr's employer),

Chelsea Richmond, and the estate of Timothy Lamar Kerr by and through the Joshua Kerr (brother of Defendant and administrator of the estate).  (See *Defendant's Brief in Support of Motion to Dismiss*, Docket 5-1, pg. 3).  In her Complaint, Gloria Kerr sought recovery of $200,000.00 of the subject life insurance proceeds, $50,000.00 in alimony arrears, and damages in tort against Chelsea Richmond.

8.

On November 7, 2014, Chelsea Richmond promised via email to pay Gloria Kerr $200,000.00 of the life insurance proceeds immediately upon receipt of the proceeds, provided that Gloria Kerr would effect a dismissal of her rival beneficiary claim with MetLife and dismiss with prejudice her Complaint against all named Defendants in the then pending Spalding County Superior Court case.  (See *Plaintiff's Brief in Support of Response to Defendant's Motion to Vacate…*, "Exhibit B" attached thereto, Docket 7, pg. 11).

9.

Pursuant to the November 7 email of Chelsea Richmond, counsel for Gloria Kerr prepared a formal document, essentially parroting the November 7 email, to memorialize Chelsea Richmond's promise to pay $200,000.00 of

the life insurance proceeds upon receipt of the same.  (See *Defendant's Brief in Support of Motion to Dismiss*, "Settlement Agreement", Exhibit 4 attached thereto, Docket 5-5).

10.

Both Gloria Kerr and Chelsea Richmond signed the Settlement Agreement in front of a notary.  (See *Defendant's Brief in Support of Motion to Dismiss*, "Settlement Agreement", Exhibit 4 attached thereto, Docket 5-5).

11.

Chelsea Richmond's promise to pay Gloria Kerr, as described in paragraph 8 above, is delineated in pertinent part of said Settlement Agreement as follows:

"I, CHELSEA RICHMOND, agree to pay my mother, GLORIA KERR, the sum of Two-Hundred Thousand Dollars ($200,000.00) upon receipt of any life insurance payout from my late father's, Timothy Kerr, employer benefits program, ***believed at this time to be underwritten by MetLife Insurance of Connecticut***.  This sum is paid ***pursuant to the divorce decree*** between Timothy Kerr and GLORIA KERR…CHELSEA

RICHMOND authorizes Jason Smith…to communicate with and receive information from…***MetLife Insurance Company of Connecticut regarding the life insurance for Timothy Kerr, which is the subject of this agreement.***"

(See *Defendant's Brief in Support of Motion to Dismiss*, "Settlement Agreement", Exhibit 4 attached thereto, Docket 5-5) [emphasis added].

12.

In keeping with her end of the bargain, Gloria Kerr immediately withdrew and released her rival beneficiary claim with MetLife, and she immediately dismissed with prejudice, as to all named defendants, her lawsuit then pending in the Spalding County Superior Court.  (See Brief in Support of Defendant's Motion to Dismiss, Docket 5-1, pg. 4).

13.

Upon MetLife's request and with Chelsea Richmond's repeated assurances that she would pay Gloria Kerr the $200,000.00 out of the life insurance proceeds underwritten by MetLife, Gloria Kerr also executed a General Release in favor of MetLife, forever releasing her claim ***against MetLife*** for any portion of the insurance proceeds.

14.

Upon information and belief, on the same day that Gloria Kerr signed the General Release in favor of MetLife (December 5, 2014), Chelsea Richmond put a contract on a house, promising to pay $285,000.00 for the house to a third-party upon receipt of the insurance proceeds.

15.

The life insurance proceeds of $478,000.00 were paid by MetLife to Chelsea Richmond on December 11, 2014.  (See *Defendant's Brief in Support of Motion to Dismiss*, Docket 5-1, pg. 6).

16.

On that same day, December 11, 2014, using insurance proceeds that she was to pay to Gloria Kerr, Chelsea Richmond purchased the house (123 Daisy Lane) in Texas that she had contracted to buy, having the house deeded in both her and her husband's (Aaron Richmond) names.

17.

Aaron Richmond was fully aware of the Settlement Agreement and its terms at all times material hereto.  Aaron Richmond acted in concert with Chelsea Richmond at all times material hereto to convert, dissipate, transfer and ferret away the $200,000.00 of the life insurance proceeds owed to

Gloria Kerr.

18.

Aaron Richmond is currently a titleholder to property traceable from the $200,000.00 of the life insurance proceeds owed to Gloria Kerr. To the extent that he holds title and/or possession of such property, he took said title and/or possession with full knowledge of Gloria Kerr's contractual and equitable interests in that property, and is liable therefor to the same extent and on the same basis as Chelsea Richmond, and as claimed herein.

19.

By so purchasing the house as described in paragraph 16 above, Chelsea Richmond in concert with Aaron Richmond converted the insurance proceeds owed to Gloria Kerr into an asset that Texas law recognizes as generally exempt from attachment, levy and execution, except in cases of constructive trust.

20.

On December 17, 2014, Chelsea Richmond fraudulently represented to Plaintiff's counsel that the bank into which she deposited the insurance proceeds had just the previous day made the funds available. In that email, she also fraudulently represented that she had already obtained and sent a

cashier's check to Plaintiff's counsel for the insurance proceeds owed to Gloria Kerr.  (See *Plaintiff's Response to Defendant's Motion to Vacate…*, "Exhibit G" attached thereto, Docket 8, pg. 9).

21.

However, by that day she had already vacated her current residence leaving no forwarding address.  Further, on that day she disconnected both her and her husband's cell phones.

22.

On December 18, 2014, Chelsea Richmond again sent a fraudulent email to Gloria Kerr stating *[contradicting her prior email]* that her (Chelsea Richmond's) husband (Aaron Richmond) had absconded with all of the insurance proceeds and that Chelsea Richmond was unable to pay Gloria Kerr as promised.  (See *Plaintiff's Response to Defendant's Motion to Vacate…*, Exhibit J attached thereto, Docket 8, pg. 16).

23.

However, a conversation with local law enforcement on December 19, 2014, revealed that contrary to this email, law enforcement responded to a domestic disturbance call at the Richmond's new residence (123 Daisy Lane), whereupon they reportedly learned that Chelsea Richmond had

ejected her husband from the marital residence and cut off her husband's access to all bank accounts.

24.

The Settlement Agreement entered into by Gloria Kerr and Chelsea Richmond provides by its terms that Chelsea Richmond pay Gloria Kerr $200,000.00 out of the life insurance proceeds provided through Timothy Kerr's employer benefits program, underwritten by MetLife.

25.

To date, Chelsea Richmond has failed to remit to Gloria Kerr that portion of the life insurance proceeds to which Gloria Kerr is by agreement of the parties entitled.

26.

Chelsea Richmond, by her own admission has already spent, dissipated, converted, and/or transferred more than $100,000.00 of the life insurance proceeds that she promised to pay to Gloria Kerr.

27.

According to the temporary receiver, only $74,911.23 has been located and turned over to the receiver.  (See Affidavit of James Clifton, attached hereto).

28.

It is apparent that at the time of making the promise to pay the $200,000.00 to Gloria Kerr, Chelsea Richmond had no intent to honor that promise.

## COUNT I – Constructive Trust & Equitable Lien

29.

Plaintiff incorporates paragraphs 1 through 28 above as if fully set forth herein.

30.

Chelsea Richmond promised to receive the disputed insurance proceeds and immediately pay $200,000.00 of those proceeds to Gloria Kerr.

31.

At the time that Chelsea Richmond made the promise to pay Gloria Kerr as described in the preceding paragraph, Chelsea Richmond had no present intent to perform under said promise.

32.

By promising to pay Gloria Kerr as described above, Chelsea

Richmond procured $200,000.00 of the subject life insurance proceeds by fraud.

33.

Chelsea Richmond, in concert with Aaron Richmond, has used funds belonging to Gloria Kerr and funds that were obtained through fraud upon Gloria Kerr, to purchase, acquire, and improve property that is generally exempt from attachment and levy and that is in the state of Texas.

34.

Chelsea Richmond, in concert with Aaron Richmond, has attempted to move, transfer, and convert her ill-gotten gains as described above, to property that is generally exempt from attachment and levy and in an attempt to remove those ill-gotten gains from the jurisdiction of this Court. By this Amended Verified Complaint, Plaintiff requests the Court to take judicial notice of Texas Constitution Article XVI, Section 50, and Texas Property Code 42.001.

35.

Because of Chelsea Richmond's attempts to ferret away monies belonging to Gloria Kerr as described above, Gloria Kerr is without adequate, efficient, and complete remedy at law.

36.

Gloria Kerr is entitled to judgment in her favor for the portion of the subject life insurance proceeds ($200,000.00) that Chelsea Richmond promised to pay to her, and a declaration of a resulting constructive trust and equitable lien on that personal and real property that is traceable to said funds.

## COUNT II — Unjust Enrichment

37.

Plaintiff incorporates paragraphs 1 through 36 above as if fully set forth herein.

38.

Chelsea Richmond induced, encouraged, and accepted Gloria Kerr's dismissal and release of Gloria Kerr's rival beneficiary claim against MetLife and the dismissal with prejudice Gloria Kerr's lawsuit representing claims against parties in possession of or holding title to the $200,000.00 of life insurance proceeds owed to Gloria Kerr, as well as claims for $50,000.00 of alimony arrears, as well as claims for tort damages against

Chelsea Richmond.

### 39.

Gloria Kerr's dismissal of her rival beneficiary claim with MetLife, and her claims against the named defendants in the Spalding County action as described in the preceding paragraph, were of value.

### 40.

Principles of law and equity require that Gloria Kerr be compensated for her rendering of that which was good and valuable to Chelsea Richmond.

### 41.

Chelsea Richmond is unjustly enriched, securing a windfall and effecting a forfeiture from Gloria Kerr, by Chelsea Richmond's retention of the $200,000.00 of life insurance proceeds promised to Gloria Kerr by Chelsea Richmond.

### 42.

Gloria Kerr is entitled to judgment in her favor for the portion of the subject life insurance proceeds ($200,000.00) that Chelsea Richmond promised to pay to her, and a declaration of a resulting constructive trust and equitable lien on that personal and real property that is traceable to said funds.

## COUNT III—Breach of Contract

43.

Plaintiff incorporates paragraphs 1 through 42 above as if fully set forth herein.

44.

Chelsea Richmond promised to pay Gloria Kerr $200,000.00, out of Timothy Kerr's life insurance proceeds through his employer benefits program.  In exchange for this promise and in keeping with the parties' agreement, Gloria Kerr immediately dismissed her rival beneficiary claim against MetLife and the dismissed with prejudice her lawsuit representing claims against parties then in possession of or holding title to the $200,000.00 of life insurance proceeds owed to Gloria Kerr, as well as claims for $50,000.00 of alimony arrears, as well as claims for tort damages against Chelsea Richmond.

45.

Chelsea Richmond failed to pay Gloria Kerr as Chelsea Richmond had promised.

46.

Chelsea Richmond's promise as described in paragraph 44 above resulted in Gloria Kerr acquiring an additional equitable interest in $200,000.00 of the subject life insurance proceeds.

47.

Chelsea Richmond, in concert with Aaron Richmond, has used the $200,000.00 belonging to Gloria Kerr, to purchase, acquire, and improve property that is generally exempt from attachment and levy and that is in the state of Texas, and she has attempted to remove this ill-gotten gain from the jurisdiction of this Court.

48.

As a result of Chelsea Richmond's conduct as described in the preceding paragraph, Gloria Kerr is without adequate, efficient, and complete remedy at law, and an award of damages would be insufficient, incomplete and extremely inefficient.

49.

Gloria Kerr is entitled to an award of specific performance as the parties' agreement, whereby Chelsea Richmond is ordered to pay Gloria

Kerr $200,000.00 as per the parties' agreement.

## COUNT IV — Fraud

50.

Plaintiff incorporates paragraphs 1 through 49 above as if fully set

forth herein.

51.

Chelsea Richmond represented to Gloria Kerr that Chelsea Richmond

would pay Gloria Kerr $200,000.00 of the subject life insurance proceeds

upon receipt of the same, if Gloria Kerr dismissed her rival beneficiary claim

with MetLife and dismissed with prejudice her lawsuit then pending in

Spalding County Superior Court.

52.

Chelsea Richmond had no present intent at the time of making said

representation and promise to pay Gloria Kerr.

53.

Chelsea Richmond continued her misrepresentations after receiving

the insurance proceeds by falsely stating that the bank had not released

funds, by falsely claiming to have obtained a cashiers check and to have

already sent said check to Gloria Kerr, and by stating that Chelsea

Richmond's husband had absconded with all the life insurance proceeds.

54.

Chelsea Richmond made these misrepresentations as described in the

preceding paragraphs with intent to induce Gloria Kerr into the Settlement

Agreement, with intent to procure from Gloria Kerr the promised

performance as delineated in the Settlement Agreement, and with intent to

cause Gloria Kerr to forebear and delay Gloria Kerr's attempts to obtain the

$200,000.00, thereby further facilitating Chelsea Richmond's continued

dissipation of the subject life insurance proceeds after receipt of the same.

55.

Gloria Kerr reasonably relied upon the representations and promises

of Chelsea Richmond as described in paragraphs 44, 51 and 53 above.

56.

Gloria Kerr has suffered damages as a direct and proximate result of

Chelsea Richmond's fraud, which Chelsea Richmond perpetrated both

before and after the promise to pay Gloria Kerr the subject life insurance

proceeds.

57.

Gloria Kerr is entitled to an award of damages in her favor and against Chelsea Richmond.

### COUNT V — Implied Trust

58.

Plaintiff incorporates paragraphs 1 through 57 above as if fully set forth herein.

59.

By the Settlement Agreement of Gloria Kerr and Chelsea Richmond, the parties intended that Chelsea Richmond receive $200,000.00 of the life insurance proceeds owed to Gloria Kerr for the benefit of and to be paid to Gloria Kerr upon receipt of those funds.

60.

By the Settlement Agreement of Gloria Kerr and Chelsea Richmond, the parties intended that Chelsea Richmond NOT have beneficial interests in the subject $200,000.00.

61.

By the Settlement Agreement of Gloria Kerr and Chelsea Richmond, an implied resulting trust was created in the subject $200,000.00, with

Chelsea Richmond owing fiduciary duties under such trust to Gloria Kerr.

62.

By her conduct as described in paragraphs 1 through 61 above, Chelsea Richmond breached her fiduciary duties to Gloria Kerr, causing Gloria Kerr pecuniary loss.

63.

Gloria Kerr is entitled to an award of equitable relief requiring Chelsea Richmond to disgorge the resulting implied trust *res*, and to return said *res* to Gloria Kerr.

64.

Gloria Kerr is entitled to an award of equitable relief requiring Chelsea Richmond to remit all property and benefits derived from the *res* of the trust.

## COUNT VI — Accounting

65.

Plaintiff incorporates paragraphs 1 through 64 above as if fully set forth herein.

66.

By the Settlement Agreement of Gloria Kerr and Chelsea Richmond, an implied resulting trust and a constructive trust was created in the subject $200,000.00, with Chelsea Richmond owing fiduciary duties under such trust to Gloria Kerr.

67.

Chelsea Richmond, in concert with Aaron Richmond, has hidden, converted, transferred and comingled with personal assets the *res* of the implied resulting trust and/or constructive trust, that equitable accounting is reasonable and necessary to determine the location, existence, and amount of res remaining, as well as the benefits derived therefrom.

68.

Pursuant to OCGA 23-2-70 (4) and (6), Gloria Kerr is entitled to an equitable accounting of the life insurance proceeds of the employer benefits plan of Timothy Kerr.

## COUNT VII — Attorney Fees, Costs, & Interest

69.

Plaintiff incorporates paragraphs 1 through 68 above as if fully set

forth herein.

70.

Chelsea Richmond's failure to remit to Gloria Kerr the $200,000.00 that Chelsea Richmond promised to pay Gloria Kerr, constitutes bad faith, stubborn litigiousness, and is without substantial justification, thereby causing Gloria Kerr to incur unnecessary expense and expend unnecessary time in pursuit of the instant action.

71.

Chelsea Richmond's conduct in concealing the fact that she had received and spent much of the promised insurance proceeds constitutes bad faith, stubborn litigiousness, and is without substantial justification, thereby causing Gloria Kerr to incur unnecessary expense and expend unnecessary time in pursuit of the instant action.

72.

Under the inherent power of the Court and pursuant to principles of fairness and equity, Gloria Kerr is entitled to an award of attorney fees and costs associated with the prosecution of this action.

73.

Pursuant to OCGA 13-6-11, Gloria Kerr is entitled to an award of

attorney fees and costs associated with the prosecution of the instant action.

74.

Based upon the facts contained within this Verified Amended Complaint, Gloria Kerr is entitled to an award of pre-judgment and post judgment interest at the statutory rate.

WHEREFORE, Plaintiff prays this Court

a)   To enter judgment in her favor on the claims contained in her Amended Verified Complaint;

b)   To award Plaintiff the remedies sought herein;

c)   To award Plaintiff attorney fees and costs associated with the prosecution of this action;

d)   To award Plaintiff pre and post judgment interest;

e)   To order such other and further relief as this Court deems just and equitable.

This 30th day of March, 2015.

Respectfully submitted,

**/s/ Jason G. Smith**

_____

Jason G. Smith
GA Bar No. 237877
ATTORNEY FOR PLAINTIFF
22 West Court Square, Suite C-4
Newnan, GA  30263
Phone:  (678) 423-3177
Fax:      (678) 359-3562
southernpiedmontlaw@gmail.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

GLORIA KERR,                                    :

     Plaintiff                              :

                                       CIVIL ACTION FILE

vs.                                              :

                                      NO.:   3:15-cv-28-TCB

CHELSEA KERR RICHMOND and        :
AARON RICHMOND

                                                 :

     Defendant

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that on the date below, I electronically filed Plaintiff's

Amended Verified Complaint with the Clerk of Court using the CM/ECF

system which will automatically send email notification of such filing to the

following attorneys of record:

**Jeffrey D. Horst
Jonathan E. Hawkins
Michael Boutros
ATTORNEYS FOR DEFENDANT**

This 30th day of March, 2015.

Respectfully submitted,

**/s/ Jason G. Smith**

_____

Jason G. Smith
GA Bar No. 237877
ATTORNEY FOR PLAINTIFF
22 West Court Square, Suite C-4
Newnan, GA  30263
Phone:  (678) 423-3177
Fax:      (678) 359-3562
southernpiedmontlaw@gmail.com