IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

GLORIA KERR,

    Plaintiff,

v.

CHELSEA KERR RICHMOND,

    Defendant.

CIVIL ACTION FILE

NUMBER 3:15-cv-28-TCB

# O R D E R

Presently before the Court are Plaintiff Gloria Kerr's motion for a preliminary injunction [15] and motion for summary judgment [17], Defendant Chelsea Kerr Richmond's motion to dismiss [22], and the receiver's motion for costs [33]. The facts giving rise to this lawsuit are discussed at length in the Court's April 30, 2015 order [26] and will be repeated here only to the extent necessary to dispose of the instant motions.

## I.    Richmond's Motion to Dismiss the Amended Complaint

Most of the arguments put forth by Richmond in support of her motion to dismiss the amended complaint were previously rejected by

the Court in its April 30 order [26]. For all the reasons set forth in that order, the Court again rejects Richmond's arguments that (1) the MetLife merger clause superseded any prior agreement between Richmond and Kerr regarding the insurance proceeds, *see* [26] at pp.22-26, and (2) the agreement between Richmond and Kerr was not supported by consideration, *see id.* at pp.26-32.

     Richmond contends that Kerr's fraud claim is subject to dismissal because it is not pled with the requisite specificity. Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud." This rule requires a plaintiff to allege "who made the misrepresentations, what their precise content was, when they were made, and where they were made." *Sampson v. Wash. Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. 2011). Kerr has met this standard by averring that in a November 7, 2014 e-mail and a subsequent settlement agreement, Richmond promised to pay Kerr $200,000 but that when that promise was made, Richmond had no intention of performing. [14], ¶¶ 8, 9, 52. She even states where in the record copies of the referenced e-mail and settlement agreement

can be located. These allegations are sufficient under Rule 9(b) because they "alert [Richmond] to the precise misconduct with which [she is] charged." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) (internal punctuation omitted).

Under Georgia law, a fraud claim cannot be premised on mere broken promises or unfulfilled predictions. *Greenwald v. Odom*, 723 S.E.2d 305, 313 (Ga. Ct. App. 2012). But a fraud claim is not subject to dismissal merely because the representation made can in some sense be said to look to the future. Georgia law recognizes that "a cause of action for fraud may lie where, at the time of the misrepresentation, the promisor either knows that the future event will not occur or has no intention of performing." *C&C Family Tr. 04/04/05 ex rel. Cox-Ott v. AXA Equitable Life Ins. Co.*, 44 F. Supp. 3d 1247, 1256 (N.D. Ga. 2014). That is what Kerr has alleged in her fraud claim, and that is sufficient to state a claim for fraud.

Richmond next moves to dismiss count one of Kerr's amended complaint, which is titled "Constructive Trust and Equitable Lien." In so moving, Richmond argues that "Plaintiff has no v[al]id claim to these

proceeds" and that Kerr "released all claims and any possible interest in the proceeds by signing" the MetLife release, arguments the Court has already rejected. [22-1], p.22. But Richmond correctly points out that "a constructive trust is a remedy, not a cause of action." *APA Excelsior III, LLP v. Windley*, 329 F. Supp. 2d 1328, 1366 (N.D. Ga. 2004). Thus, the Court will grant the motion to dismiss count one to the extent it is asserted as a separate theory of recovery. In so doing, however, "the Court does not intend to foreclose any appropriate remedy should [Kerr] prevail at trial. However, should [Kerr] wish to pursue this remedy, the Court will expect the parties to present argument as to whether it is an appropriate remedy in this case." *Id.*[1]

Finally, Kerr concedes that her claim for unjust enrichment, which was pled as an alternative to her claim for breach of contract, is

---

[1] If and when the time comes to determine the appropriate remedy in this case, the parties should be prepared to address, among other things, whether a constructive trust is available in this dispute over money. *See, e.g., Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518-19 (11th Cir. 1994) (noting that "constructive trusts are not automatically impressed whenever one party owes another money," that "equitable relief is available only in the absence of an adequate remedy at law," and that where the plaintiff sought only the payment of a debt, there was "no indication . . . that a legal remedy would not be sufficient to vindicate [the plaintiff's] rights.").


moot by virtue of the Court's conclusion that the settlement agreement is an enforceable contract. Accordingly, that claim will be dismissed.

In conclusion, Richmond's motion to dismiss the amended complaint will be granted only as to Kerr's claims for constructive trust and equitable lien (count one) and unjust enrichment (count two).

### B. Kerr's Motion for Summary Judgment

Kerr's motion for summary judgment [17] will be quickly disposed of, as discovery has not even commenced in this case yet. Pursuant to Rule 56(d)(1), Kerr's motion for summary judgment is denied without prejudice.

### C. Kerr's Motion for Preliminary Injunction

Kerr has also moved for entry of a preliminary injunction in her favor. To obtain the relief she seeks, Kerr must show that she has a substantial likelihood of prevailing on the merits of her claims, she will suffer irreparable injury if an injunction does not issue, the threatened injury to Kerr in the absence of an injunction outweighs the damage that issuing the injunction might cause Richmond, and the issuance of

the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

The Court finds that Kerr has not satisfied her burden of showing that a preliminary injunction is appropriate. "A showing of irreparable injury is 'the sine qua non of injunctive relief.'" *Id.* (quoting *Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)).

> The key word in this consideration is "irreparable." Mere injuries, however substantial, in terms of money, time and energy . . . are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Here, Kerr's claims concerning $200,000 in life-insurance proceeds are quintessential examples of claims for which there exists an adequate remedy at law in the form of monetary damages. Kerr's allegations that Richmond has already spent a substantial portion of that money, while troubling, do not change this fact.

> Bringing an action to recover money damages "does not entitle the claimant to equitable relief simply because the complaint alleges uncertainty of collectability of a judgment

> if a fund of money is permitted to be disbursed. The test of the inadequacy of a remedy at law is whether a judgment could be obtained, not whether, once obtained it will be collectible."

*Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1531 (11th Cir. 1994) (quoting *St. Lawrence Co. v. Alkow Realty, Inc.*, 453 So.2d 514, 514-15 (Fla. 4th Dist. Ct. App. 1984)).[2]

For these reasons, the Court concludes that Kerr has failed to show that she is entitled to a preliminary injunction. Kerr's request to expedite trial on this matter is denied. However, the parties are cautioned that once discovery commences, extensions are unlikely to be granted.

### D.  Clifton's Motion for Costs

Finally, James Clifton moves the Court to award him $27,757.11 in fees and expenses incurred in his capacity as receiver over Richmond's assets. The receivership order entered in the Superior

---

[2] Kerr argues in support of her motion that "[f]raudulent transfer cases are especially amenable to interlocutory injunctive relief," but she has not asserted a claim under Georgia's Uniform Voidable Transfers Act, O.C.G.A. §§ 18-2-70 *et seq*. Furthermore, to obtain preliminary injunctive relief on a fraudulent transfer claim, the plaintiff must introduce evidence of the defendant's "specific intent at the time the Property was transferred, the terms or circumstances of the transfer," and other evidence that is absent from the record in this case. *Edgefield Holdings, LLC v. Mason*, No. 1:15-cv-2481-WSD, 2015 WL 4394908, at *2 (N.D. Ga. July 15, 2015).

7

Court of Spalding County provides that the receiver shall be paid compensation out of the property that forms the receivership estate and that he shall be reimbursed for all expenses incurred by the receiver on behalf of the estate. Clifton also argues that Richmond and her counsel were stubbornly litigious and required him to expend additional time and effort over that which should have been necessary.

The Court previously granted Richmond's motion to vacate the ex parte receivership order, finding that it was plagued by numerous procedural deficiencies that were effectively conceded by Kerr, her counsel, and the receiver. "The general rule is that, where a court improperly appoints a temporary receiver on an ex parte order, and afterwards sets aside and vacates the appointment, the receiver cannot have his compensation paid from the property of which he had temporary possession." *Etna Steel & Iron Co. v. Hamilton*, 65 S.E. 145, 145 (Ga. 1909); *see also Tucker v. Baker*, 214 F.2d 627, 632 (5th Cir. 1954) (vacating receivership and directing district court "to charge against . . . the parties provoking the receivership all the fees, if any,

claimed by the receiver and his attorneys and the expenses incident to and caused by the receivership").

Significantly, Clifton is not a lay receiver, but an attorney licensed to practice law in Georgia (where he was appointed receiver) and in Texas (where Richmond's assets are located). Even assuming he did not know and should not have known of the many fatal defects in the receivership order at the time it was obtained, Richmond's counsel advised Clifton that they believed the receivership order was defective and that even if it were not defective, they believed it had expired by February 15, 2015. Clifton proceeded to act as receiver without seeking clarification of his rights, and he now seeks an award of more than $27,000—almost thirty-seven percent of the $75,000 that was seized as part of the receivership estate. Furthermore, Clifton failed to provide any billing records or accounting of his own fees, offering only an affidavit attesting to the number of hours worked (sixty-two), his hourly billing rate ($350), a non-exhaustive summary of the legal services he performed, and an explanation of the expenses he incurred. [33-1].

In light of the Court's finding that the receivership order was improperly obtained in the first place and the absence of evidence showing that Clifton's expended efforts were reasonable or necessary to preserve the funds, the Court declines to award Clifton more than one third of the funds of which he wrongfully took possession. As stated above, courts generally charge the compensation of a wrongfully appointed receiver against the party provoking the receivership. *Etna Steel & Iron Co.*, 65 S.E. at 145; *Tucker*, 214 F.2d at 632. Neither Clifton nor Kerr has pointed to any evidence that brings this case outside the operation of that general rule. The Court expresses no opinion as to whether or what amount Clifton should be compensated for his services as receiver, but it will not order that Clifton be paid from Richmond's assets.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for a preliminary injunction [15] is denied. Plaintiff's motion for summary judgment [17] is denied without prejudice pursuant to Rule 56(d). Defendant's motion to dismiss [22] is granted as to Plaintiff's claims for constructive trust,

equitable lien, and unjust enrichment; it is denied in all other respects.

Clifton's motion for costs [33] is denied.

    IT IS SO ORDERED this 10th day of November, 2015.

                                                      _____
                                                      Timothy C. Batten, Sr.
                                                      United States District Judge