# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| GLORIA KERR ) | |
| ) | |
| ) | CIVIL ACTION NO.: |
| Plaintiff, ) | |
| ) | 3:15-cv-28-TCB |
| ) | |
| v. ) | |
| ) | |
| CHELSEA KERR RICHMOND ) | |
| ) | |
| ) | |
| Defendant. ) | |

## BRIEF IN SUPPORT OF
## AMENDED MOTION FOR EXPENSES OF RECEIVER

### FACTS

On January 26, 2015, The Superior Court of Spalding County issued an Order Appointing James Clifton as the Emergency Temporary Receiver over Chelsea Kerr Richmond. Under the Order, Mr. Clifton was granted authority to take exclusive possession, control and custody of Ms. Richmond's property and assets. Mr. Clifton was able to take control of Seventy-Four Thousand Nine Hundred Eleven and 23/100 Dollars ($74,911.23). On April 30, 2015, the Honorable United States District Court of the Northern District of Georgia, Newnan Division ordered the return of funds.

On November 10, 2015, this Court declined to award the Receiver expenses from the property of Defendant Richmond. However, the Court granted leave for the Receiver to file an Amended Motion seeking expenses from the party who procured the Receivership, in this case, Plaintiff Gloria Kerr. It was Ms. Kerr's counsel who drafted the Receivership order.

Mr. Clifton has incurred extraordinary expenses in his role as receiver and respectfully requests adequate compensation (*See* Texas counsel billing statements, *Exhibit A attached hereto*). Mr. Clifton performed an extensive amount of work as receiver in this case. Despite acting pursuant to Court Order, Mr. Clifton was met with opposition at every juncture, requiring extensive additional time and attention than that which would typically be necessary. Mr. Clifton did everything in his power to protect the property and assets that were at issue. Since Ms. Richmond is a resident of Texas and the receivership Order was issued in Georgia, this case was especially complex and involved issues spanning across multiple jurisdictions. After diligently tracking down Ms. Richmond's assets, Mr. Clifton was able to take control of Seventy-Four Thousand Nine Hundred Eleven and 23/100 Dollars ($74,911.23) located in one of her Chase Bank accounts by notifying Chase Bank's legal department in Ohio. It was then necessary for Mr. Clifton to file a Complaint to have an ancillary receiver appointed in Texas because real and personal property were being purchased with the funds in dispute, in Texas.

Due to incredible time constraints and the celerity in which the ancillary petition needed to be filed in Texas, a filing error occurred denoting the wrong parties in the case heading and including redundant causes of action. Yet despite a clarification, Ms. Richmond's Texas counsel has stubbornly and litigiously pursued frivolous causes of action against Mr. Clifton personally, as well as filed a Texas Bar complaint against him, which the Texas Bar summarily dismissed.  The amount of litigation filed by Ms. Richmond's Texas attorney with which the Receiver has been forced to contend has been significant. Mr. Clifton was ultimately forced to obtain local counsel in Texas to deal with the onslaught of frivolous litigation in Texas, which attributes actions to Mr. Clifton that he never took. Indeed, the picture that has developed during the succeeding weeks was even more complex than it first appeared.  To date, Mr. Clifton has expended Ten Thousand Eight Hundred Sixty Six and 45/100 Dollars ($10,866.45) on local counsel in Texas, in addition to the time and effort previously outlined by his office.

The Order Appointing James Clifton as the Emergency Temporary Receiver states:

"The Receiver shall be paid for its services pursuant to and as provided in Chapter 8 of Title 9 of the Georgia Code. It is the intent of this Order that the Receiver be paid reasonable compensation based upon his reasonable hourly rate

as an attorney licensed in the state of Georgia, and that he recover this compensation out of the *res* of the Property, or the Receivership Estate. In addition, the Receiver shall be reimbursed for all expenses incurred by the Receiver on behalf of the Property."

Further, Courts have ordered Receiver expenses to be paid by the party provoking the Receivership when that receivership is declared invalid. See *Tucker v. Baker,* 214 F.2d 627, 632 (5th Cir. 1954)*; Etna Steel & Iron Co. v. Hamilton*, 65 S.E. 145, 145 (Ga. 1909).

## ARGUMENT AND CITATION OF AUTHORITY

Pursuant to O.C.G.A. 9-8-13(c) "in all cases, the presiding judge or other competent tribunal shall allow such compensation . . . to the receiver or receivers appointed thereunder as their services are reasonably worth." In appraising the value of services of Receiver a number of things should be considered, including, the intricacy of the facts and circumstances and of the legal questions involved, the degree of professional skill and ability required and exercised, and the time and labor necessarily expended *Greyling Realty Corp. v. Lawson*, 179 Ga. 188, 175 S.E. 453 (1934).; *see also Edwards v. United Food Brokers, Inc.*, 196 Ga. 241, 26 S.E.2d 348 (1943).

Further, power of the courts of equity to fix compensation of their own receivers is well established, and results necessarily from the relation which the

receiver sustains to the court, the receiver being its officer or agent, deriving the receiver's functions only from that source; in the absence, therefore, of any legislation regulating the receiver's salary or compensation, the matter is left entirely to the determination of the court from which the receiver derives the receiver's appointment. *Edwards v. United Food Brokers, Inc.*, 196 Ga. 241, 26 S.E.2d 348 (1943); *see also Hall v. Stulb*, 126 Ga. 521, 55 S.E. 172 (1906).

In the interest of justice, the limits set by OCGA 9-8-13(b) should not be applicable in this case. The tasks and challenges presented by this Receivership are numerous, complex, difficult, and in some respects unprecedented. The amount of compensation that should be awarded should be based on the work actually performed in this specific instance. To complete the Court-ordered tasks and overcome these challenges, a team of professionals from two teams with different, but complementary, skills have collaborated closely and worked long hours, to enable the Receiver to carry out his fundamental duty – to implement the Court's orders to acquire possession and control over Estate assets, of whatever kind and wherever located, so that those assets ultimately can be a source of compensation to their rightful owner.

Because the Receivership was declared invalid by this Court, the Receiver requests an Order that it's fees and expenses be paid by the party provoking the

Receivership, here Plaintiff Gloria Kerr. See *Tucker,* 214 F.2d at 632*; Etna Steel & Iron Co.*, 65 S.E. at 145.

## CONCLUSION

The relief requested herein was necessary and appropriate to carry out the most basic provisions of the Order Appointing Receiver. Accordingly, the Receiver requests that the Court enter an order approving the statutory fee of the receiver ($1,688.22) and additional extraordinary expenses incurred through the Receiver's work in the Texas litigation ($10,866.45) and allow for additional reports of expenses until such time as the litigation in Texas has been resolved.

This 22nd day of August, 2016.

By: /s/ James Clifton_____
James W. Clifton
Georgia Bar No. 065211
Receiver

37 Calumet Parkway
Building M, Suite 101
Newnan, GA 30263
Phone: (770) 828-7339
Fax: (770) 744-3896

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT I have on this date sent a true and correct copy to the foregoing **Brief in Support of Amended Motion for Expenses of Receiver**:

Mr. Jason Smith, Esq.
Attorney for Gloria Kerr
via ECF e-serve

Mr. Jeffrey Horst, Esq.
Mr. Jonathon Hawkins, Esq.
Mr. Michael Awni Boutros, Esq.
Attorneys for Aaron and Chelsea Richmond
via ECF e-serve

This 22nd day of AUGUST, 2016.

By:_/s/ James Clifton_____

James W. Clifton
Georgia Bar No. 065211
Receiver