IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

GLORIA KERR,

    Plaintiff,

v.

CHELSEA KERR RICHMOND,

    Defendant.

CIVIL ACTION FILE

NUMBER 3:15-cv-28-TCB

## **O R D E R**

This case comes before the Court on James Clifton's amended motion for expenses of receiver [63].

Clifton's original motion for fees and expenses [33] was denied because he sought to be compensated by the receivership estate rather than the party procuring his appointment as receiver, *see Etna Steel & Iron Co. v. Hamilton*, 65 S.E. 145, 145 (Ga. 1909), and because he had failed to properly support his motion with billing records to allow the Court to determine whether the amount sought was reasonable. *See* [38] at 8–10. In February 2016, the Court granted Clifton's motion for leave to file an amended motion for fees and expenses [50], and more

than six months later, Clifton filed the instant motion. He now seeks an award against Plaintiff Gloria Kerr—the party provoking the receivership—of $12,554.67: $1,688.22 in statutory fees pursuant to O.C.G.A. § 9-8-13(b), and "extraordinary expenses" totaling $10,866.54 incurred in connection with hiring local counsel in Texas.

As for the statutory receiver's fee, O.C.G.A. § 9-8-13(b) provides that a receiver is entitled to a maximum fee award of 8% of the first $1,000 of the receivership estate, 4% of the excess up to $5,000, 3% of the amount above $5,000 and not exceeding $10,000, and 2% of all sums over $10,000. In this case, the receivership estate totaled $74,911.23 and the maximum statutory fee under § 9-8-13(b) is $1,688.22. The Court will award Clifton this fee.

However, Clifton's request for more than $10,000 in expenses is unsupported by any evidence. His motion makes reference to billing statements, but as with his original motion, no billing statements were filed with the motion. Kerr pointed out this deficiency in her opposition brief, [66-1] at 4–5, but Clifton took no corrective action and did not file a reply brief. As a result, there is no evidence in the record from which

the Court could determine that he in fact incurred these fees, let alone that they were reasonable or necessary in connection with his short-lived duties as receiver. The Court therefore will deny this request.

Accordingly, Clifton's motion for fees and expenses [63] is granted in part and denied in part. Clifton is awarded $1,688.22 against Plaintiff and Plaintiff's counsel, jointly and severally.

IT IS SO ORDERED this 1st day of November, 2016.

_____
Timothy C. Batten, Sr.
United States District Judge