IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| GLORIA KERR, | : | |
| Plaintiff | : | CIVIL ACTION FILE |
| vs. | : | NO.:   3:15-cv-28-TCB |
| CHELSEA KERR RICHMOND, | : | |
| Defendant | : | |

## JUDGMENT & FINAL ORDER

WHEREAS this matter came before the Court on October 2, 2017, for a jury trial;

WHEREAS at the pretrial conference in the matter conducted prior to commencement of the jury trial, the parties stipulated to the following facts:

1.  Plaintiff Gloria Kerr and Defendant Chelsea Kerr Richmond are mother and daughter, respectively.

2.  Timothy Kerr was Chelsea's father and Gloria Kerr's ex-husband.

3.  Timothy and Gloria were divorced in 1996 pursuant to a divorce decree that required Timothy to *"continue to maintain life insurance coverage insuring [his] life in an amount of not less than $200,000.00, naming [Gloria Kerr] as sole irrevocable beneficiary...."*

4.  When Timothy died on September 18, 2014, the only life

insurance coverage he had in place was an employee death benefits policy issued by MetLife Insurance Company in the amount of $478,000. Chelsea was named as the sole beneficiary of that policy.

5.  Following Timothy's death, Gloria filed a rival beneficiary claim with MetLife, asserting her right to $200,000 of the policy proceeds.

6.  In October 2014, Gloria filed a lawsuit in the Superior Court of Spalding County against Chelsea, MetLife, Timothy's estate, and Timothy's former employer, seeking, among other relief, $200,000 of the life insurance proceeds.

7.  On or about November 7, 2014, Chelsea sent an e-mail to Gloria and Gloria's attorney offering to pay Gloria $200,000 in exchange for immediate dismissal of the lawsuit. That e-mail provided, in pertinent part:

> *"I, Chelsea Richmond, agree to pay my mother, Gloria Kerr, the sum of Two-Hundred Thousand Dollars ($200,000.00) upon receipt of any life insurance payout from my late father's, Timothy Kerr, benefits program....In exchange for this agreed payout, my mother, Gloria Kerr, and her counsel, Jason Smith, agree to immediately drop any and all civil complaints, dispute of benefits, or pending litigation against The Estate of Timothy Kerr, The Progressive Mountain Insurance Co., Met-Life Insurance, Joshua Kerr as Administrator of the Estate of Timothy Kerr, and myself, Chelsea Richmond, as a group and individually....Upon receipt and agreement of this good faith promise between Chelsea Richmond and Gloria Kerr, all civil cases filed and disputes over*

*benefits shall be immediately withdrawn and/or dismissed with prejudice as soon as reasonably possible. At this time, an official document is to be drafted by Gloria Kerr's counsel, Jason Smith, to be signed by both parties. The document shall fall in line with the terms and conditions offered in this correspondence."*

8. A formal settlement agreement was then prepared by Gloria's attorney that memorialized the terms of Chelsea's November 7th e-mail and provided as follows:

*"I, CHELSEA RICHMOND, agree to pay my mother, GLORIA KERR, the sum of Two Hundred Thousand Dollars ($200,000.00) upon receipt of any life insurance payout from my late father's, Timothy Kerr, employer benefits program, believed at this time to be underwritten by MetLife Insurance Company of Connecticut....In exchange for this agreed payout, my mother, GLORIA KERR, by and through her counsel, Jason Smith, agrees to immediately drop any and all civil complaints, dispute of benefits, and/or pending litigation against...Met-Life Insurance,...and myself, Chelsea Richmond, as a group and individually...*

*Upon receipt of any payout from Met-Life..., I, CHELSEA RICHMOND, will immediately forward payment in certified funds to my mother c/o her attorney, Jason Smith, made payable to "Jason Smith and Gloria Kerr" . . . .*

9. After the settlement agreement was signed by both parties, Gloria dismissed the lawsuit she had filed in the Superior Court of Spalding County and withdrew the rival beneficiary claim she had filed

with MetLife.

10.   Gloria also executed a general release with MetLife, which paid the full $478,000 to Chelsea on or around December 10, 2014.

11.   When MetLife paid the policy proceeds to Chelsea, it wrote to Chelsea that after "review[ing] the entire claim, including all documentation submitted by [Gloria]," its "internal determination of the proceeds pertaining to the life insurance policy for Timothy Kerr will be paid in full to [Chelsea]."

12.   The total amount paid to Chelsea by MetLife, inclusive of interest, was approximately $488,000.

13.   In early December 2014, Chelsea executed a contract to purchase a home located at 123 Daisey Lane in Justin, Texas. The purchase price of the home was approximately $285,000. The home was deeded jointly to Chelsea and her husband Aaron.

14.   On December 17, 2014, Chelsea sent an e-mail to Gloria's attorney claiming that she had mailed him a cashier's check for Gloria's portion of the insurance proceeds. The check never arrived.

15.   On December 18, 2014, Chelsea sent the following e-mail to Gloria:  I can't give you the money. Aaron took all of it and left. I have nothing to my name. I'm sorry. Kendall [Chelsea's daughter] and I are alone and we are being forced to move. If you want to press criminal charges against me, that's fine. Kendall will end up a ward of the state.

16.     To date, Gloria has received none of the insurance proceeds.

WHEREAS prior to the jury trial, the parties arrived at an amicable resolution of remaining claims in this case, to wit: Plaintiff's claims for damages based upon fraud, and Plaintiff's claim for attorney's fees. The parties announced said agreement on the record and both parties articulated their assent to the terms thereof on the record;

WHEREAS the substance of the parties' agreement is as follows:

1.  The constructive trust in the amount of $200,000.00 on the real property located at 123 Daisey Lane, in Justin, Texas (hereinafter "123 Daisey Lane"), as previously entered by this Court's Order [73] on Plaintiff's Second Motion for Summary Judgment [65]—said Order being entered on March 8, 2017—shall remain in full force and effect;

2.  In addition to the constructive trust on 123 Daisey Lane, Defendant shall confess judgment on Plaintiff's remaining claims in the amount of $20,000.00;

3. Further, Defendant shall grant Plaintiff a lien in the amount of $20,000.00 on Defendant's interests in and to 123 Daisey Lane, whatever that interest may be and to whatever extent Defendant's interests may appear;

4. Further, Defendant shall grant Plaintiff a lien on Defendant's interests and/or share of the Estate of Timothy Kerr (Defendant's father) (hereinafter "the Estate") in the amount of $20,000.00, whatever that interest may be and to whatever extent Defendant's interests may appear;

5. Upon Defendant's payment of $20,000.00 to Plaintiff, Plaintiff shall release both liens (the lien on the Estate and the lien on 123 Daisey Lane); however the constructive trust will remain in full force and effect until such time as Defendant pays Plaintiff $200,000.00;

6. The parties stated on the record that this agreement resolves all remaining issues in this case; and,

7. Further, the parties agreed to execute whatever documents were necessary to effect the intent of this agreement promptly, within ten (10) days of being presented said document.

WHEREFORE the Court finds a factual basis for the parties' agreement and hereby enters judgment upon that agreement as follows:

The constructive trust in the amount of $200,000.00 on the real property located at 123 Daisey Lane, in Justin, Texas, as previously entered by this Court's Order [73] on Plaintiff's Second Motion for Summary Judgment [65]—said Order being entered on March 8, 2017—shall remain in full force and effect and is hereby made a part of this judgment.

IT IS ORDERED that judgment is entered in favor of Plaintiff in the amount of $20,000.00 on Plaintiff's remaining claims for damages based upon Defendant's fraud and for Plaintiff's attorney's fees pursuant to OCGA 13-6-11.

To secure payment of this judgment, Plaintiff is hereby granted a lien on Defendant's interest in the Estate of Timothy Kerr and on Defendant's interest in 123 Daisey Lane.

When the judgment is paid in full, Plaintiff shall release her lien.

IT IS SO ORDERED this __3d__ day of __October__, 2017.

Timothy C. Batten, Sr.
United States District Court Judge
Northern District of Georgia